OPINION *Page 2 
{¶ 1} Defendant-appellant William R. Smith appeals his June 29, 2006 sentence in the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On June 29, 2006, following Appellant's guilty pleas, the Ashland County Court of Common Pleas sentenced Appellant to an eight month prison sentence on one count of forgery; a six month prison sentence on a second count of forgery, to be served consecutively to the first count; and six months in prison on a possession of criminal tools charge to be served concurrently to the first count of forgery, for a total term of fourteen months incarceration.
 {¶ 3} Appellant now appeals, assigning as sole error:
 {¶ 4} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."
 {¶ 5} In his sole assignment of error, Appellant contends his prison sentence poses an unnecessary burden on State resources.
 {¶ 6} In State v. Foster (2006), 109 Ohio St.3d 1, the Ohio Supreme Court held trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences.
 {¶ 7} An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 8} In State v. Mathis 109 Ohio st.3d 1, 2006-Ohio-856, the Supreme Court held: *Page 3 
 {¶ 9} "As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures."
 {¶ 10} "* * *
 {¶ 11} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 12} Section 2929.12 provides:
 {¶ 13} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's *Page 4 
recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 14} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 15} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 16} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 17} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 18} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 19} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 20} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 21} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 22} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion. *Page 5 
 {¶ 23} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 {¶ 24} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 25} "(1) The victim induced or facilitated the offense.
 {¶ 26} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 27} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 28} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 29} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 30} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release *Page 6 
control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 31} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 32} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 33} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 34} "(5) The offender shows no genuine remorse for the offense.
 {¶ 35} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 36} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child. *Page 7 
 {¶ 37} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 38} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 39} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 40} "(5) The offender shows genuine remorse for the offense."
 {¶ 41} Revised Code Section 2929.13(A), cited by Appellant states:
 {¶ 42} "(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections2929.14 to 2929.18 of the Revised Code. The sentence shall not impose anunnecessary burden on state or local government resources" (emphasis added).
 {¶ 43} Upon review of the record, Appellant was convicted of three felonies of the fifth degree: two counts of forgery and one count of possessing criminal tools. The record indicates Appellant committed the offenses while on community control. Further, Appellant had a previous conviction for felony forgery, and had served a prior prison term.
 {¶ 44} At the sentencing hearing, the trial court stated:
 {¶ 45} "The Court: All right. Well, Mr. Smith, you stand before the Court for sentencing with regard to one count of forgery, a felony of the fifth degree; a second count of forgery, a felony of the fifth degree, and a count of possession of criminal tools, also a felony of the fifth degree, so three F5 charges. On the facts of this particular *Page 8 
offense with regard to the forgeries are eerily familiar to the fact of the previous case that you stood before the Court for sentencing. You got yourself involved with a young lady and ended up getting some checks through that acquaintance and relationship, and then you ended up forging the checks, and you end up before the criminal Court. That's bothersome to me because one of the things I have to do when I sentence people is look at the likelihood that they will reoffend, so it's bothersome to me that you are standing before me for sentencing for what is almost an exact repeat of a similar kind.
 {¶ 46} "When I sentence, I also have to consider doing what the law requires me to do, which is effectuating a punishment of someone for their criminal conduct and protecting the public from future crimes committed not only by yourself but by others. I have to always consider the need for incapacitation and locking someone up, the need for deterrence, rehabilitation and restitution. I have to fashion a sentence which is commensurate with, and not demeaning to, the seriousness of the offense and its impact on the victim. It has to be consistent with similar individuals. I can never base a sentence on race, ethnicity, gender or religion.
 {¶ 47} "Now, as I said, I have to look at the likelihood that you will re-offend. I have to look at the seriousness of the offense. The offense is serious because you victimized somebody you knew, that makes it more serious. You used a relationship with somebody to effectuate the crime, that makes it more serious. Regard [sic] to the likelihood that you will re-offend, not only is this offense very similar fact-wise to the prior offense you committed, but you were on community control at the time you committed it. You are under supervision of a Court and on conditions and that didn't deter your committing another crime. *Page 9 
 {¶ 48} "I'll be honest with you, I don't know what the status of the — the drug issues is with you at this point in time. This P.S.I. doesn't — I don't think give [sic] me a full flavor for that, I'm not sure the former one did, although there is [sic] hints of you being involved with heroin in the previous P.S.I. I am here to tell you that and — and maybe you already know it and you say, Judge, I already know it, but heroin is a death sentence, okay? It's either going to kill you or it's going to bring you repeatedly before criminal courts, one of the two, and it is not something that you want to be involved in. Way too many of my cases involving young men your age involve heroin and — and that's horrible. You know, you ought to be out just starting life, just getting going, you know, just graduating from college and moving onto careers and — and here you are facing prison, and that's — that's very sad, but it's where you've gotten yourself, okay, and I hope you mean it when you say, I want this to be the end.
 {¶ 49} "The Defendant: I do.
 {¶ 50} "The Court: Okay, because if it's not the end, it's going to get worse, okay?
 {¶ 51} "It's my opinion, Mr. Smith, and I have to make this conclusion based on the fact that you have been sentenced before to prison and you've been sentenced before to community control, and you committed this offense while you were on community control, that you are not amenable to further community control, and I'm going to give you a prison sanction."
 {¶ 52} Tr. at 5-8.
 {¶ 53} Based upon the above and upon review of the statutory guidelines set forth above, we find the trial court did not abuse its discretion in imposing the sentence ordered. The trial court properly considered the statutory factors in sentencing *Page 10 
Appellant, and the prison term imposed was not unreasonable, arbitrary or unconscionable. Further, we do not find the sentence imposed an unnecessary burden on State or local government resources. Accordingly, the June 29, 2006 sentence in the Ashland County Court of Common Pleas is affirmed.
 Hoffman, J., Gwin, P.J. and Wise, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion Appellant's June 29, 2006 sentence in the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1